UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COTTAGE INN CARRYOUT &
DELIVERY, INC.,

    Plaintiffs,

                                            Case No. 10-12833
-vs-                                         HON. AVERN COHN

TRUE FREEDOM INVESTMENTS LLC, JAMES
T. WADE, CHAD E. TEETS,

    Defendants.
_____/

## MEMORANDUM AND ORDER
## GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM

### I. Introduction

This is a contract case arising out of a pizza franchise agreement. Plaintiff Cottage Inn Carryout & Delivery Inc. (Cottage Inn) is suing defendants True Freedom Investments LLC, James Wade, and Chad Teets (True Freedom) claiming breach of a Franchise Agreement on the grounds that True Freedom has not met its financial obligations under the Franchise Agreement and has violated a non-competition clause in the Franchise Agreement. Cottage Inn also makes a trademark infringement claim and unfair competition claim against True Freedom.

True Freedom filed a counterclaim, claiming that Cottage Inn breached the Franchise Agreement by allowing another Cottage Inn store to deliver food items within True Freedom's geographically protected area.

Now before the Court is Cottage Inn's motion to dismiss True Freedom's

counterclaim under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief may be granted.[1]  For the reasons that follow, the motion is GRANTED.

## II.  Background

On July 19, 2009, Cottage Inn and True Freedom entered into a Franchise Agreement ("Agreement"), Cottage Inn is the franchiser and True Freedom is the franchisee.  Shortly after acquiring the franchise, True Freedom was informed that Dari Pizza Enterprises II, Inc. (Dari Pizza), another Cottage Inn franchise, was selling, via delivery service, food items in the geographical area protected by the Agreement.  True Freedom informed Cottage Inn.  Cottage Inn conducted an audit which confirmed that Dari Pizza had in fact sold food items in the geographic area protected by the Agreement.  True Freedom added Dari Pizza as a third party defendant.

## III.  Legal Standard

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S.544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).  The court is "not bound to accept as true a legal

---

[1]Also before the Court is Cottage Inn's motion for preliminary injunction, seeking an injunction preventing True Freedom from operating as a Cottage Inn franchise and using its marks.  True Freedom filed a response, contending that it has ceased operating as a Cottage Inn franchise when it gave notice of termination to Cottage Inn and does not use Cottage Inn's marks.  True Freedom also denies violating the non-competition provision of the Franchise Agreement, arguing that Cottage Inn's material breach of the Franchise Agreement allows it to compete with Cottage Inn.  This motion is still pending.

2

conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted). This is a rather rigid test which must be carefully applied.

### IV. Analysis

True Freedom claims that Cottage Inn has breached paragraph 2.1 of the Agreement, which provides in relevant part:

> You have applied for a franchise to own and operate a Cottage Inn store at the location identified in Exhibit B to this agreement[2] (the "Premises"). We have approved your application in reliance on all of the representations you have made to us in connection with the application. As a result, and subject to the provision of this agreement, we grant you a franchise (the "Franchise") to operate a Cottage Inn store (the "Store") at the Premises and at no other location. You may not at any time operate your business or deliver outside of your "Protected Trading Area" (as defined below), or deliver into the "protected trading area" of any other Cottage Inn franchise or company owned store. . . .
> In addition, provided that you are in substantial compliance with this Agreement, during the term of this Agreement we will not establish, or grant a

---

[2] Exhibit B, which is apparently a map of True Freedom's territory, is not a part of the record.

franchise to another person to establish, another Cottage Inn store the physical premises of which are located within the area described in Exhibit B as the "Protected Trading Area."

True Freedom says that the above language implicitly includes an affirmative duty on Cottage Inn to ensure that no third party infringes on True Freedom's "protected trading area." In other words, Cottage Inn promised to monitor and enforce the actions of other franchisees to ensure that no one operates in True Freedom's "protected trading area." True Freedom therefore says that Cottage Inn breached the Agreement when Dari Pizza began delivering in True Freedom's territory and Cottage Inn did not take action to stop it.

Cottage Inn says this is not a proper interpretation of the Agreement. Cottage Inn says its only obligations are (1) to grant True Freedom the right to operate a Cottage Inn franchise store within a "protecting trading area" designated by the Agreement, and (2) Cottage Inn would not to establish a store or grant a franchise to another within True Freedom's "protected trading area." Cottage Inn says that the Agreement cannot be interpreted to require Cottage Inn to prevent another party from delivering in True Freedom's "protected trading area." Thus, Cottage Inn says it did not breach the Agreement because it never agreed that it would stop deliveries into True Freedom's "protected trading area."

The Court agrees with Cottage Inn. To establish a breach of contract, a plaintiff must establish both the elements of a contract and a breach of the contract. See Pawlak v. Redox Corp., 182 Mich. App. 758, 765 (1990). A valid contract requires parties competent to contract, a proper subject matter, legal consideration, and a mutuality of agreement and obligation. Thomas v. Leja, 187 Mich. App. 418, 422 (1991). The

plaintiff must then establish the breach of the contract and damages resulting from the breach. Alan Custom Homes, Inc. v. Krol, 256 Mich. App. 505, 512, 667 N.W.2d 379 (2003).

Here, the question is whether paragraph 2.1 includes an obligation on Cottage Inn to stop a third party franchisee from infringing on True Freedom's "protected trading area." In other words, must Cottage Inn police all of its franchisees' territories to ensure compliance and non-infringement amongst them? The answer is no. When construing contracts, the principal goal is to ascertain and give effect to the intention of the parties. Zurich Ins Co. v. CCR & Co.(On Rehearing), 226 Mich. App 599, 603 (1997). When reviewing an ambiguous contract, a court may determine the parties' intentions by considering the contract's language, its subject matter, and the circumstances surrounding the making of the agreement. Stillman v. Goldfarb, 172 Mich. App 231, 239 (1988). The Agreement does not contain any language which imposes such a duty on Cottage Inn.

True Freedom, however, says that the Agreement is ambiguous and therefore extrinsic evidence - in the form of alleged oral assurances by Cottage Inn that it would police True Freedom's territory - is admissible. The Court disagrees. Extrinsic evidence is permissible to assist a jury in the interpretation of an ambiguous contract. Klapp v. United Ins. Group Agency, Inc., 468 Mich. 459, 469 (2003). A contract is ambiguous when its terms are susceptible to more than one meaning, or when two provisions irreconcilably conflict. Coates v. Bastian Brothers, Inc., 276 Mich. App. 498, 503, 741 N.W.2d 539 (2007). A courts may not create an ambiguity where none exist. Id. If a contract is unambiguous, courts must enforce the terms of the contract as written. Id.

Whether a contract is ambiguous is a question of law determined by the court. Id. at 504.

The Agreement is not ambiguous. Nowhere does it impose on Cottage Inn a duty to monitor a franchisee's territory and be in breach for failure to stop any infringing activity. Rather, Cottage Inn only promises to grant a franchisee a "protected trading area" and that it will not establish another store or grant another franchise in that "protected trading area." Clear and unambiguous language may not be rewritten under the guise of interpretation. SMDA v. American Ins. (On Remand), 225 Mich. App 635, 653 (1997). The Court cannot read into the Agreement an implicit promise.

Moreover, to the extent True Freedom says that Cottage Inn's oral assurances are admissible under the parol evidence rules, this argument fails. The parol evidence rule stands for the proposition that "'a written instrument is open to explanation by parol or extrinsic evidence when it is expressed in short and incomplete terms, or is fairly susceptible of two constructions, or where the language employed is vague, uncertain, obscure, or ambiguous, and where the words of the contract must be applied to facts ascertainable only by extrinsic evidence, a resort to such evidence is necessarily permitted.'" Klapp v. United Ins. Group Agency, Inc., 468 Mich. 459, 470 (2003), quoting Edoff v. Hecht, 270 Mich. 689, 695-96 (1935). As stated previously, the Agreement is not ambiguous. It also contains an integration clause and a no oral modification clause, which prevent application of the parol evidence rule. Paragraph 19.14 states in relevant part:

> This Agreement . . . constitutes the entire agreement between you and us, and there are no oral or written understandings, representations, or agreements between you and us concerning this subject matter of this Agreement . . . Except

as expressly provided otherwise in this Agreement, this Agreement may be modified only by written agreement signed by both parties.

Under Michigan law, "when the parties include an integration clause in their written contract, it is conclusive and parol evidence is not admissible to show that the agreement is not integrated except in cases of fraud that invalidate the integration clause or where an agreement is obviously incomplete 'on its face' and, therefore, parol evidence is necessary for the 'filling of gaps .'" UAW-GM Human Resource Ctr v. KSL Recreation Corp., 228 Mich. App 486, 502 (1998), quoting in part 3 CORBIN ON CONTRACTS § 578 at 411. "[T]he merger clause made it unreasonable for [the plaintiff] to rely on any representations not included in the ... agreement." Id. at 504. There is no allegation of fraud nor is the Agreement obviously incomplete.

In the end, True Freedom cannot show that Cottage Inn had an obligation under the Agreement to monitor and respond to Dari Pizza's actions. The plain language of the Agreement does not contain such a provision nor can one be read into the Agreement. Because True Freedom has failed to allege an essential element of a breach of contract claim, its counterclaim must be dismissed for failure to state a claim.

Moreover, to the extent that True Freedom says that Cottage Inn acted in bad faith or unfairly in failing to monitor and take action against Dari Pizza, such a claim also fails. "[T]he covenant of good faith and fair dealing is an implied promise contained in every contract that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Hammond v. United of Oakland, Inc., 193 Mich. App. 146, 152 (1992) (quotation marks and citation omitted). An attempt to base a breach of contract claim on the covenant of good faith

7

and fair dealing must fail because "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." Fodale v. Waste Mgt. of Mich., Inc., 271 Mich. App. 11, 35 (2006).

That said, the Court is not unsympathetic to True Freedom's situation. However, Cottage Inn cannot be liable under the Agreement for the actions of Dari Pizza as alleged in the counterclaim. The Agreement does not impose on Cottage Inn an obligation to undertake to enforce, audit and/or monitor its franchise locations to assure compliance with the "protected trading area" found in paragraph 2.1. It must look elsewhere for its remedies.

SO ORDERED.

       S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: October 20, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 20, 2010, by electronic and/or ordinary mail.

       S/Michael Williams
      Relief Case Manager, (313) 234-5160